UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MILDRED TAYLOR,

          Plaintiff,

-against-

NORWEGIAN CRUISE LINE, LTD
d/b/a NORWEGIAN CRUISE LINES

          Defendant(s),

------------------------------------------------------------------X

**CV 10 - 4172**

Civil Action No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

*FILED*
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 13 2010 ★
BROOKLYN OFFICE

TRAGER, J.

GOLD, M.J.

Plaintiff, MILDRED TAYLOR, by her attorney, OSITA OKOCHA, complaining of the

Defendant(s), NORWEGIAN CRUISE LINE, LTD d/b/a NORWEGIAN CRUISE LINE respectfully

alleges, upon information and belief as follows:

**NATURE OF THE ACTION**

    1.     This is an action to recover damages for personal injuries.

**JURISDICTION**

    2.     This court has jurisdiction pursuant to 28 U.S.C. § 1333 (1), the General Maritime

          Law and Admiralty Jurisdiction.

    3.     Plaintiff also elects to proceed under F.R.C.P. 9 (h) of Admiralty or Maritime Claim.

    4.     Jurisdiction is also proper under 28 U.S.C. § 1332 for diversity of citizenship and the

amount in controversy exceeds $75,000.

5.      This is an action between citizens of different states, New York State and Florida State and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**VENUE**

6.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391.

**THE PARTIES**

7.      Plaintiff, MILDRED TAYLOR is a citizen of the United States and resident of the Borough of Brooklyn, City and State of New York.

8.      On or about September 12, 2009, Plaintiff was a paying passenger on defendant's vessel which was in navigable waters. Plaintiff is currently looking for her ticket; however, defendant is in possession of identical ticket.

9.      That at all relevant times herein mentioned, defendant NORWEGIAN CRUISE LINES, LIMITED d/b/a NORWEGIAN CRUISE LINE, is incorporated under the laws of the Bahamas with Headquarters and principal place of business in 7665 Corporate Center Drive, Miami, Florida 33216 and thus is a citizen of the State of Florida.

10.     That at all relevant times herein mentioned, defendant NORWEGIAN CRUISE LINES, LTD, owned, maintained, financed, managed, operated, chartered and/or controlled the vessel known as the M/S NORWEGIAN GEM VOYAGE with the No. GEM 090906 and their TENDERS TRANSPORTING BOAT.

**FACTUAL ALLEGATIONS**

2

11.    That at all relevant times herein, mentioned, plaintiff, MILDRED TAYLOR was a passenger aboard the defendant's cruise vessel or tenders transporting passengers from the shore in Cannes France (Europe) to the Norwegian Cruise Line Ship.

12.    That at all relevant times herein, mentioned, the vessel was in navigable waters or international water and, while the plaintiff, MILDRED TAYLOR was in the exercise of due care, she sustained serious personal injuries due to the negligence of the defendant, its agents, servants and/or employees.

13.    That subsequent to being made aware of the personal injuries sustained by the plaintiff, MILDRED TAYLOR, NORWEGIAN CRUISE LINE employees willfully and/or negligently failed to adhere to the minimal standards of welfare for an injured passenger.

14.    That at all relevant times herein mentioned, the defendant by and through its agents, servants and/or employees, was under a duty to lawfully and properly operate, control, manage, supervise, and maintain said vessels, and more particularly, the Tenders transporting vessel, in a safe and proper way, such that no passenger would be caused to sustain personal injuries.

15.    The causes of action asserted in this Complaint arise under the General Maritime Law of the United States of America and International Law and Treaty and Foreign Tort.

## COUNT I - General Maritime Law – Negligence

16.    That the plaintiff repeats, reiterates and realleges all of the allegations contained in paragraphs 1-15 herein with the same force and effect as if fully set forth herein.

17.    The injuries sustained by the plaintiff, MILDRED TAYLOR, were due to no fault of her own, but were caused by the negligence of the defendant.

3

18.    It was the duty of the defendant to provide plaintiff with reasonable measure as to her safety and safeguards.

19.    That on or about September 12, 2009, the defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care as to prevent the occurrence of the injury suffered by plaintiff.

20.    At all times material hereto, defendant negligently failed to identify the hazards present on the vessel, failed to eliminate and/or minimize those hazard, and failed to adequately warn the plaintiff of those hazard, thereby creating an unreasonable risk of injury to the plaintiff when encountering those hazards.

21.    That by reason of the foregoing, plaintiff, MILDRED TAYLOR, was caused to sustain serious and permanent injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff incurred and will continue to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss there from.

22.    That by reason of the aforesaid, the plaintiff, was caused to sustain serious, severe and painful personal injuries, which are permanent and lasting in their nature; was caused to be rendered sick, sore, lame, and disabled; was caused to suffer great pain and anguish and may, in the future, continue to so suffer, was caused to seek medical care, and treatment in an effort to cure and/or alleviate her said injuries; was caused to be incapacitated from her usual duties, activities, and/or social activities.

4

23.     That as a result of the negligence of the defendants the plaintiff was rendered sick, sore, lame, and disable and suffered serious painful injuries in and about her head, back, body, leg and limbs, and further sustained a severe shock to her nervous system. The plaintiff has been informed and verily believes that she will continue to suffer there from for an indefinite time in the future, and that the injuries are permanent.

24.     As a result of the said injuries, the plaintiff, MILDRED TAYLOR, has suffered great pain of body and anguish of mind, incurred and continues to incur medical and hospital expenses, loss of enjoyment of life and activities, and has suffered and will continue to suffer other damages as will be shown at the trial of this matter. In addition, plaintiff lost the benefit of her vacation, cruise, and transportation costs, and has incurred medical expenses.

25.     In addition, defendant violated the International Safety Management Code, failed to comply with 33 CFR 96.230 (b). All of the above caused the plaintiff to be injured.

26.     That the accident and the resulting injuries were due to the negligence of the defendant, its agent agents, servants, and/ or employees.

27.     This cause of action is brought for negligence under the General Maritime Law.

**COUNT II - Intentional Infliction of Emotional Distress**

28.     That the plaintiff repeats, reiterates and realleges all of the allegations contained in paragraphs 1-27 herein with the same force and effect as if fully set forth herein.

29.     NORWEGIAN CRUISE LINES, LTD is responsible for the acts of its agents, servants, and/or employees.

30.     The injuries sustained by the plaintiff, MILDRED TAYLOR, were due to no fault of her own, but were caused by the actions of the defendant's agents, servants and/or employees.

31.     The intentional actions and/or inactions of NORWEGIAN CRUISE LINE'S agents, servants, and/or employees were extreme and outrageous and beyond all possible bounds of decency and were utterly intolerable in a civilized community.

32.     As a result of the intentional actions and/or inactions of NORWEGIAN CRUISE LINE'S agents, servants, and/or employees the plaintiff, MILDRED TAYLOR, was caused emotional distress, mental pain, anguish, humiliation, physical injury, and suffering.

33.     That at all relevant times mentioned herein and upon information and belief, the aforesaid occurrence and the injuries resulting there from, were caused wholly and solely by reason of the carelessness, recklessness and negligence of the defendant, its agents, servants and/or employees, and without any negligence or culpable conduct on the part of the plaintiff contributing thereto.

34.     That solely by reason of the foregoing, the plaintiff, MILDRED TAYLOR, became and was rendered sick, sore, lame and disabled along with severe emotional and psychological injuries; received severe, serious and permanent injuries to her head, body and limbs; experienced great pain and suffering and continues to suffer from said injuries; and the plaintiff has been informed and believes said injuries to be of a permanent nature; and said plaintiff was, is and will be incapacitated for a long period of time and the plaintiff was compelled to and did seek medical aid, attention and treatment and will in the future require further medical aid, attention and treatment; and the plaintiff was obliged to and did expend large sums of money for medical attention and will in the future be required to

6

expend additional sums of money for the treatment of said injuries; the plaintiff was and will continue to be incapacitated from her duties, functions and general activities and chores, and otherwise did sustain a loss of diverse sums of money.

35.     As a result of said injuries, the plaintiff, MILDRED TAYLOR, has suffered great pain of body and anguish of mind, incurred and continues to incur medical and hospital expenses, has lost time from her usual activities, and has suffered and will continue to suffer other damages as will be shown at the trial of this matter.

## COUNT III - Negligent Infliction of Emotional Distress

36.     That the plaintiff repeats, reiterates and realleges all of the allegations contained in paragraphs 1-35 herein with the same force and effect as if fully set forth herein.

37.     NORWEGIAN CRUISE LINES, LTD is responsible for the acts of its agents, servants, and/or employees.

38.     The injuries sustained by the plaintiff, MILDRED TAYLOR, were due to no fault of her own, but were caused by the actions of the defendant's agents, servants and/or employees.

39.     The negligent actions and/or inactions of NORWEGIAN CRUISE LINE'S agents, servants, and/or employees were extreme and outrageous and beyond all possible bounds of decency and were utterly intolerable in a civilized society.

40.     As a result of the intentional actions and/or inactions of NORWEGIAN CRUISE LINE'S agents, servants, and/or employees the plaintiff, MILDRED TAYLOR, was caused emotional distress, mental pain, anguish, humiliation, physical injury, and suffering.

41.     As a result of said injuries, the plaintiff, MILDRED TAYLOR, has suffered great

pain of body and anguish of mind, incurred and continues to incur medical and hospital expenses,

has lost time from her usual work and activities, and has suffered and will continue to suffer other

damages as will be shown at the trial of this matter.

## COUNT IV - General Maritime Law – Punitive Damages

42.     That the plaintiff repeats, reiterates and realleges all of the allegations contained in

paragraphs 1-41 herein with the same force and effect as if fully set forth herein.

43.     The conduct of the defendant demonstrated willful, wanton and reckless behavior and

a conscious disregard for the plaintiff, MILDRED TAYLOR's rights, welfare and safety.

44.     This cause of action is brought under the General Maritime Law for punitive

damages.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her undersigned Counsel, hereby demands/requests a trial by jury of all

issues so triable as a matter of law.

**WHEREFORE**, judgment is respectfully demanded against the defendant, in an amount to be

determined by the Court but in no way less than $75,000.00, together with costs, interest and

disbursements:

That this court, under Count I, enter judgment in favor of plaintiff, MILDRED TAYLOR,

against the defendant, NORWEGIAN CRUISE LINE, LTD;

8

That this court, under Count II, enter judgment in favor of plaintiff, MILDRED TAYLOR,

against the defendant, NORWEGIAN CRUISE LINE, LTD;

That this court, under Count III, enter judgment in favor of plaintiff, MILDRED TAYLOR,

against the defendant, NORWEGIAN CRUISE LINE, LTD;

That this court, under Count IV, enter judgment in favor of plaintiff, MILDRED TAYLOR,

against the defendant, NORWEGIAN CRUISE LINE, LTD; and

For such other relief as this court deems appropriate.

Dated: New York, New York
       September 12, 2010

                              Respectfully submitted,


                              **OSITA OKOCHA, ESQ.**
                              Attorney for Plaintiff
                              110 Wall Street, 11th Floor
                              New York, N.Y. 10005
                              Tel: (212) 709-8143
                              Fax: (212) 942-2300
                              Email: LAWOSSY@aol.com



DEFENDANT:

NORWEGIAN CRUISE LINE, LTD
d/b/a NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, Florida 33126

## VERIFICATION

OSITA OKOCHA, affirms under the penalty of perjury:

That I am an attorney admitted to practice law in the Eastern District of New York and the attorney of record for the plaintiffs with office located at 110 Wall Street, 11 Floor, Borough and County of New York, and I am acquainted with the facts and circumstances of the within action.

That your affirmant has read the foregoing COMPLAINT and knows the content thereof; that the VERIFIED COMPLAINT set forth therein stated to be alleged on information and belief and as to those matters I believe them to be true, said knowledge and belief are based upon my interviews with my client-plaintiffs and the case file.

That this verification is made by me and not by PLAINTIFF because she resides outside the borough where my office is located.

DATED: New York, New York
        September 12, 2010

OSITA OKOCHA, ESQ.