```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
 MILDRED TAYLOR,

          Plaintiff,

     -against-                              MEMORANDUM AND ORDER

 NORWEGIAN CRUISE LINE, LTD.,               Civil Action No.
                                            10-CV-4172(DGT)
          Defendant.

----------------------------------------X
```

Trager, J:

Defendant requests that this Court enforce the forum selection clause in plaintiff's cruise ticket, which confers exclusive jurisdiction for personal injury lawsuits with the federal or state courts located in Miami-Dade County Florida. For the foregoing reasons, defendant's request is granted and this action is hereby transferred to the District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

The forum selection clause contained in plaintiff's ticket is valid and enforceable, Ward v. Cross Sound Ferry, 273 F.3d 520 (2d Cir. 2001); Lurie v. Norwegian Cruise Lines, Ltd., 305 F. Supp. 2d 352 (E.D.N.Y. 2004), and plaintiff does not allege any facts that suggest that the provision was not reasonably communicated to her, Ward, 273 F.3d at 523-24. Plaintiff's ticket was mailed to her over a month before she departed on the cruise, and she does not allege any facts that suggest that she

1

did not have "the option of rejecting the contract with impunity."  Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991); Lurie, 305 F. Supp. 2d at 361-62.

In addition, plaintiff has failed to provide the Court with any reason why she would not be able to maintain her claim if this action were transferred to the Southern District of Florida.  Instead, plaintiff argues that her claim would be dismissed on statute of limitations grounds if defendant's motion is granted because plaintiff "would not have the benefit and the protection of New York State Law."  (D.E. 6, 11.)  But this argument lacks merit because, when a case is transferred under 28 U.S.C. § 1404(a), "the transferee court must follow the choice of law rules that prevailed in the transferor court." Ferens v. John Deere Co., 494 U.S. 516, 531 (1990); see also Van Dusen v. Barrack, 376 U.S. 612, 629 (1964).  As such, transferring this case to the Southern District of Florida will not affect the statute of limitations analysis and will allow plaintiff to maintain her claims, as defendant readily concedes. (D.E. 12 ("[It] is not true [that plaintiff's claims would be time barred] since the Court may exercise its discretion to transfer the matter to the Southern District of Florida, which would preserve Plaintiff's claims.").)

Because transferring this case to the district mandated by the forum selection clause is an appropriate course of action

under the circumstances, see Lurie, 305 F. Supp. at 364-65, it is hereby ordered that this action be transferred to the District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

Dated:     Brooklyn, New York
         November 12, 2010

SO ORDERED:

               /s/
David G. Trager
United States District Judge